# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

STATE FARM MUTUAL AUTOMOBILE  *
INSURANCE COMPANY., *et al.* *
　　v. * Civil Action No. 18-cv-1279
CAREFREE LAND CHIROPRACTIC, *
LLC, *et al.* *

## MEMORANDUM

Pending before the court is defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all counts of plaintiffs' complaint. For the reasons stated below, the court will grant the motion.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm"). Defendants are Carefree Land Chiropractic's two offices and its chiropractors (collectively, "Carefree"). Beginning in 2006, State Farm reimbursed Carefree for chiropractic services and treatments[1] provided to 550 patients pursuant to various personal injury claims submitted by the patients. State Farm filed suit in this court on May 1, 2018, alleging that Carefree had engaged in widespread fraud regarding the 550 patients for whom State Farm had reimbursed Carefree from 2006 to the present.

Specifically, State Farm claimed that Carefree had executed a pervasive fraud scheme designed to defraud State Farm of the maximum possible amount of personal injury reimbursements. To support this claim, State Farm alleged that the reports submitted by Carefree in the process of treating the 550 patients revealed either that (1) Carefree diagnosed all of the patients with the same or nearly the same injuries, treated the patients in identical or nearly

---

[1] While Carefree's practice focuses on chiropractic treatments, it appears that Carefree also provides a variety of medical, radiological, and physical therapy treatments.

identical ways, and concluded treatment with identical or nearly identical results, or (2) the records themselves were not accurate reflections of the diagnoses, treatments, and results rendered in each patient's case. The high rate of similarity in the patients' treatments revealed, according to State Farm, a systemic fraudulent scheme intended to deprive State Farm of as much money in insurance benefits as possible to Carefree's advantage. Additionally, State Farm argued that the fraudulent scheme constituted a failure by Carefree to provide individualized treatment to the 550 patients and/or extensive records fraud, violating Carefree's obligation of accurate record-keeping to its patients.

In support of its claim, State Farm provided its statistical analysis of all 550 patients' records, ECF 1-1, which it claimed revealed that every patient complained of either neck, upper back, mid-back, or lower back pain, and that 86% of the patients complained of pain in all four regions. Additionally, the analysis revealed that almost 99% of the patients for whom Carefree claimed to have conducted an x-ray of the cervical spine were reported to have had a "break in the continuity of the George's Line," ECF 1-1 at column N, and over 99% of patients for whom Carefree claimed to have conducted an x-ray of the lumbar spine were reported to have had "pelvic unleveling [sic] causing spinal imbalance," ECF 1-1 at column O. Overall, about 98% of the patients received the same treatment plan. ECF 1-1 at column P.

Based on its statistical analysis of the 550 Carefree patients who had submitted claims to State Farm, State Farm seeks nearly one and a half million dollars in damages for fraud and unjust enrichment as well as a declaratory judgment absolving State Farm from any obligation to reimburse any currently pending or future personal injury claims submitted by Carefree patients. On June 28, 2018, Carefree filed its motion to dismiss. The motion has been fully briefed, and no oral argument is necessary. *See* Local Rule 105.6.

## STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). A court ordinarily may consider a statute of limitations defense on a motion to dismiss only "where the defense is apparent from the face of the complaint." *Wright v. U.S. Postal Service*, 305 F. Supp. 2d 562, 563 (D. Md. 2004).

Rule 8(a) Federal Rules of Civil Procedure sets forth "liberal pleading standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), requiring plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). This requirement "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Twombly*, 550 U.S. at 555 (internal citation omitted)). A complaint that provides "labels and conclusions" or "naked assertion[s]" without corresponding facts that demonstrate facial plausibility of the plaintiff's claim does not satisfy Rule 8(a)(2)'s pleading requirements. *Id.* (internal citations omitted).

Claims of fraud involve heightened pleading requirements. Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Pursuant to Rule 9(b), parties should, "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. These facts are often referred to as the who, what, when, where, and how of the alleged fraud." *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 705 (4th Cir. 2018) (internal citation and quotation marks omitted). "Mere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing *Hillson Partners Ltd. P'ship v. Adage, Inc.*, 42 F.3d 204, 209 (4th Cir. 1994)). Finally, a "lack of compliance with Rule 9(b)'s pleading requirements is treated as failure to state a claim under Rule 12(b)(6)." *Dunn v. Borta*, 369 F.3d 421, 426 (4th Cir. 2004) (citing *Harrison*, 176 F.3d at 783 n. 5).

## ANALYSIS

State Farm's fraud claim, as well as its unjust enrichment claim predicated upon its fraud claim, failed to specify with sufficient particularity the circumstances under which the alleged fraudulent scheme operated, and thus will be dismissed for failure to satisfy Rule 8(a)(2) and Rule 9(b) of the Federal Rules of Civil Procedure's pleading requirements. In its complaint, State Farm alleged that Carefree had and continued to be engaged in a 13-year-long fraudulent

scheme involving the fraudulent production of documents and/or the fraudulent treatment of patients. The complaint varied among alleging that the treatments rendered by Carefree were the source of the alleged fraud, or that the documents Carefree produced in connection with its treatments were fraudulent, or that some amorphous combination of the treatments and the documents and records together constituted the fraudulent scheme. But State Farm's complaint failed to identify even one patient whose treatment was medically unnecessary based on that patient's injuries. Similarly, the complaint failed to identify even one specific document or record that indicated a treatment had been provided to a patient which either was medically unnecessary or had not been performed at all. The complaint further failed to specify which of the 550 patients' records or treatments were fraudulent, and which Carefree physician provided fraudulent documentation and/or rendered fraudulent treatment for any of those 550 patients.

State Farms' opposition to the motion to dismiss claimed that "each record, report and bill generated by Defendants in support of each individual insurance claim is, itself, a false representation," while failing to specify if the treatment itself was fraudulent or if the records misrepresented the treatment rendered for any or all of the 550 patients. ECF 44-1 at p. 8. State Farm provided no factual basis, aside from its own statistical analysis, for the court to conclude that every single record provided by Carefree for each of the 550 patients plausibly constituted fraud. Instead, State Farm later argued that its statistical analysis singularly "demonstrate[d] the fraudulent nature of the records," ECF 44-1 at p. 11, requiring the court to assume that the statistical findings only could be explained by fraud. In essence, State Farm argued that Carefree's records could not all be true, and therefore must all be false. Such an assertion, absent any identification of a specific fraudulent treatment and/or record, fails to provide the level of particularity required by *Iqbal* and Rule 8(a)(2), *see, e.g., Takeda Pharm.* 707 F.3d at 457

(affirming the district court's dismissal of a claim that only pled facts regarding a scheme that could have, with certain inferences, amounted to fraud, noting that the claim "not only fail[ed] to meet the particularity requirement of Rule 9(b), but also [did] not satisfy the general plausibility standard of *Iqbal*."), nor does it satisfy Rule 9(b), *see id.* at 456 (declining to adopt a more lenient application of Rule 9(b) that would permit parties to plead the existence of a fraudulent scheme that, with certain inferences, plausibly could establish fraud).

The court acknowledges that State Farm's statistics raise an alarm, and might well be persuasive evidence to support a finding of fraud as to specific instances of false claims, if any had been identified. Statistics require context, however, of which none has been provided. That 98% of the 550 patients received the same treatment plan appears surprisingly high, for example, but it may be that the overwhelming majority of Carefree's 550 patients required similar or identical treatment plans because all had similar or identical injuries that led them to seek Carefree's treatment in the first place.[2]

Other judges in this district have applied the same reasoning requiring the dismissal of fraud claims that support only a general inference rather than specific instances of fraud. In *U.S. v. Kernan Hosp.*, the court dismissed a complaint due to its "lack of specificity as to the precise false claims at issue in this litigation," where the complaint "generally allege[d] that [plaintiff] developed a scheme to increase government funding…but [was] silent as to the next step or link in the False Claims Act liability mechanism." 880 F. Supp. 2d 676, 686–87 (D. Md. 2012); *see also U.S. ex rel Palmieri v. Alpharma, Inc.*, 928 F. Supp. 2d 840, 854–57 (D. Md. 2013) (applying the *Takeda* interpretation of Rule 9(b)'s heightened pleading standard to a factual scenario "strikingly similar" to the one presented in *Takeda*, finding that the factual scenario at

---

[2] Presumably, State Farm, based on its performance of the statistical analysis underlying its complaint, possesses the records for all of the allegedly fraudulent claims and therefore could have reviewed and investigated the claims in order to assess which, if any, were fraudulent.

6

issue also failed to satisfy Rule 9(b)). In support of its ruling, the *Kernan* court analogized its case to *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301 (11th Cir. 2002), the same case relied upon by the *Takeda* court in its decision to require more than plausible inferences to satisfy Rule 9(b)'s heightened pleading requirements, *Takeda*, 707 F.3d at 456–57.

Rule 9(b)'s heightened pleading requirement also serves to afford defendants the ability to respond fully to the claims against them by requiring pleadings to allege who said what and when it was said. *See id.* at 456 (Rule 9(b)'s heightened pleading standard provides "notice to a defendant of its alleged misconduct," protects parties from frivolous suits, eliminates fraud cases where all the facts are learned after discovery, and protects "defendants from harm to their goodwill and reputation," noting that these purposes of Rule 9(b) "are as applicable in cases brought under the [FCA] as they are in other fraud cases") (quoting *Harrison*, 176 F.3d at 784); *Kantsevoy v. LumenR LLC*, 301 F. Supp. 577, 601 (D. Md. 2018). State Farm's complaint failed to provide this information. It did not attribute the various allegedly fraudulent documents, records, and treatments to specific physicians, instead electing simply to list Carefree's chiropractors as defendants and allege a collective fraudulent scheme. *See Harrison*, 176 F.3d at 789 (affirming the district court's dismissal of a fraud claim under the False Claims Act due to plaintiff's failure to plead "which signature was fraudulent or unauthorized, []who perpetrated the fraud, []or how the signature was fraudulent."); *see also My Nat. Tax & Ins. Serv., Inc. v. H & R Block Tax Serv., Inc.*, 839 F. Supp. 2d 816, 819 (D. Md. 2012) (dismissing a complaint where the plaintiff had not identified the specific person responsible for the alleged misrepresentation); *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005) (finding that plaintiff's failure "to delineate the particular acts of infringement attributable to each Defendant" constituted a failure to satisfy Rule 8(a)'s pleading requirements,

7

warranting dismissal of the complaint) (internal citation omitted). As a result of State Farm's collective pleading, Carefree's physicians have not received proper notice of which of their records and/or treatments have been challenged as fraudulent, making it difficult to defend themselves.

Further, State Farm argued that, even if the court dismisses its fraud claim, its unjust enrichment claim should proceed as a separate and independent claim for relief. While parties generally are permitted to plead claims in the alternative, Fed. R. Civ. P. 8(d)(3), State Farm has premised its unjust enrichment claim on its allegation that Carefree unlawfully obtained the insurance payments through the scheme alleged in its fraud claim. The "unjust enrichment" at issue in the complaint is the money Carefree received from State Farm pursuant to the alleged fraudulent scheme. For the same reasons the fraud claim must be dismissed, the unjust enrichment claim also must be dismissed.

Finally, the court will exercise its discretion to deny a declaratory judgment, because State Farm's request rests not only on its insufficient allegations of past fraud but also on an apparent assumption that all future claims from Carefree patients would be false.

## CONCLUSION

For the reasons stated above, the court will grant Carefree's motion to dismiss the complaint.[3] A separate order follows.

12/11/18
Date

/s/ CCB
Catherine C. Blake
United States District Judge

---

[3] In its motion to dismiss, Carefree also claims that the complaint should be dismissed because the bulk of State Farm's statistical analysis rested on claims that were resolved well outside of the statute of limitations. Based upon the court's dismissal of all counts of the complaint, the court need not reach this argument.

8